**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Insurance Group, ) | No. CV-09-0360-PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Milo Bergeson, as Father, Guardian, and ) Best Friend, of Christopher Bo Bergeson ) and Amy Lyn Bergeson, the minor ) children of Lynn Renee Bergeson, ) deceased; David K. Levengood and Joan ) Levengood, husband and wife; David K. ) Levengood and Joan Levengood, ) Trustees of the Levengood Family ) Living Trust., ) | |
| Defendants. ) | |

Plaintiff American Family Insurance Group filed a complaint seeking declaratory judgment that it has no duty to defend or indemnify Defendants Levengood and is not liable to Defendants Bergeson. Dkt. #1. Defendants filed a motion to dismiss and/or remand to state court. Dkt. #11. The motion is fully briefed. Dkt. ## 14, 17. For the reasons that follow, the Court will deny the motion.[1]

---

[1] Plaintiff's request for oral argument is denied. Because the parties have fully briefed the issues (Dkt. ##11, 14, 17), oral argument will not aid the Court's decision or result in unfair prejudice to Plaintiff. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); Fed. R. Civ. P. 78.

1 Defendants ask the Court to dismiss and/or remand this case to the Superior Court of
2 Gila County because there is an action pending in that court involving the same issues and
3 parties, and because there is no diversity jurisdiction as a result of Defendants' third-party
4 claims against Arizona residents. Dkt. #11 at 2, 6. In response, Plaintiff argues that the
5 Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different
6 states and the amount in controversy exceeds $75,000. Dkt. #14 at 4. Plaintiff argues that
7 Defendants' claims against non-diverse third-party defendants do not destroy diversity
8 because the Court has supplemental jurisdiction over these claims and, in the alternative, the
9 claims are not viable. Dkt. #14 at 5; 28 U.S.C. § 1367(b). In their reply, Defendants concede
10 that the Court may retain jurisdiction even after the joinder of non-diverse third-party
11 defendants, but request that the Court use its discretion and remand the case to Gila County.
12 Dkt. #17 at 3-6.

13 A district court may not remand a case that was never removed from state court. *See*
14 *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002). In the alternative,
15 Defendants ask the Court to dismiss the case based on judicial economy and the fact that the
16 issues are local in nature. Defendants cite no legal authority for this proposition.

17 The Court has subject matter jurisdiction. There is no dispute that Plaintiff is diverse
18 from all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The
19 Court may exercise supplemental jurisdiction over the claims brought by Defendants against
20 non-diverse third-party Defendants so long as these claims form part of the same case and
21 controversy as the claims between the Plaintiff and Defendants. 28 U.S.C. § 1367.[2] There
22 is no dispute that these claims form part of the same case or controversy as the originally
23 filed claims.

---

[2] The exception listed in 28 U.S.C. § 1367(b) does not apply to this case because Plaintiff has not asserted any claims against the non-diverse third-party defendants.

- 2 -

1  **IT IS ORDERED** that Defendants motion to dismiss and/or remand to state court
2  (Dkt. #11) is **denied**.
3  DATED this 14th day of April, 2009.

David G. Campbell
United States District Judge