**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Insurance Group, | No. CV09-0360 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Milo Bergeson, as Father, Guardian, and best Friend of Christopher Bo Bergeson and Amy Lyn Bergeson, the minor children of Lynn Renee Bergeson, deceased, et al., | |
| Defendants. | |

Defendants/Counterclaimants Milo and Christopher Bo Bergeson have moved for a new trial and for reconsideration of this Court's September 14, 2010 order (Doc. 113) that granted summary judgment to Plaintiff American Family Insurance Group ("AFIG") and denied Defendants' cross-motion for partial summary judgment. Doc. 115. The Court will deny the motion for the reasons stated in this order.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct.15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2

(D. Ariz. Apr.15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N. W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the court's initial decision, (3) there has been a material change in the law since the court's initial decision, or (4) the moving party makes a convincing showing that the court failed to consider material facts that were presented to the court at the time of its initial decision. *See, e.g., Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendants do not satisfy any of these requirements. Defendants do not cite new law or new facts that occurred after the Court's decision. Instead, Defendants take issue with the Court considering only the allegations in Defendants' complaint against the Levengoods when deciding whether AFIG had a duty to cover and defend. Defendants argue that AFIG knew that there was no junction box in the ceiling and that there was highly flammable insulation in the ceiling, and they cite Arizona cases where decisions regarding an insurer's duty to defend are said to be based on the facts as developed through competent evidence and not only on the facts as alleged. *See, e.g., Kepner v. Western Fire Ins. Co.*, 509 P.2d 222, 224 (Ariz. 1973). But Defendants could have made this argument in their summary judgment briefing and failed to do so. As a result, they cannot raise it in a motion for reconsideration.[1]

Defendants also argue that the Levengoods failed in their duties as owners of the common area when they failed to notify the HOA and failed to obtain a permit prior to the fan's installation, because had they fulfilled these duties there would have been an inspection

---

[1] Moreover, the Court has reviewed the summary judgment briefing. Defendants did not present competent evidence that the junction box and insulation were the cause of the harm. Defendants cannot raise arguments for the first time in a motion for reconsideration.

that would have revealed the absence of a junction box in the ceiling (a common area element).  Defendants made essentially the same arguments in their summary judgment briefing.  Motions for reconsideration may not ask the Court to rethink its previous analysis.

.   **IT IS ORDERED:**

1. Defendants' motion for reconsideration (Doc. 115) is **denied**.
2. Defendants motion for expedited consideration (Doc. 117) is **denied** as moot.

DATED this 25th day of October, 2010.

*David G. Campbell*
United States District Judge