**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Milo Bergenson, et al,<br><br>Defendants. | No. CV09-0360 PHX DGC<br><br>**ORDER** |

Plaintiff has renewed its motion for attorneys' fees in the amount of $122,835.50 (Doc. 134) after the Ninth Circuit affirmed the ruling of this Court (Doc. 133-1). The motion is fully briefed. Docs. 128, 134-136. No party has requested oral argument. The Court will deny the motion.

Plaintiff seeks a fee award pursuant to A.R.S. § 12-341.01(A). Under Arizona law, a trial court has discretion in awarding attorneys' fees and should consider several factors when making its decision. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997); *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc); *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999). Among those factors, the court should consider whether a fee award "would cause undue hardship." *Woerth v. City of Flagstaff,* 808 P.2d 297, 305 (Ariz. Ct. App. 1990).

Defendants have submitted two affidavits explaining the financial condition of the parties who would bear any award of attorneys' fees to Plaintiff. Doc. 135-2 at 3, 5.

1 Amy Lyn and Christopher Bergeson both assert that they cannot afford to pay fees or
2 costs. Doc. 135-2 at 3, 5.  Amy Lyn is sixteen and unemployed.  Doc. 135-2 at 3.
3 Christopher is twenty-one and earns $2,600 per month as a welder.  Doc. 135-2 at 5.
4 They currently live with their father in Tucson, Arizona. Doc. 135-2 at 3, 5.  Plaintiff
5 states that Defendants still have a pending suit against West Frontier Condominiums
6 HOA which may yield funds to pay the attorneys' fees requested.  Docs. 128 at 6,
7 136 at 4.  But Plaintiff provides no information about the likelihood of success in that
8 lawsuit or the amount of any possible recovery.  Docs. 128 at 6, 136 at 4.  Given
9 Defendants' current financial situation, the Court cannot conclude that the mere prospect
10 of another recovery alleviates the financial hardship that would be imposed by a fee
11 award.  The Court therefore concludes, in its discretion, that an award of fees should not
12 be made under A.R.S. § 12-341.01.

**IT IS ORDERED** that Plaintiff's renewed motion for award of attorneys' fees (Doc. 134) is **denied**.

Dated this 19th day of June, 2012.

_____
David G. Campbell
United States District Judge